IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANTUS CORP., *et al.*, | : |
| Plaintiffs, | : Civil Action No. 25-1132-GBW |
| v. | : |
| MICHAEL PRENDERGAST, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM ORDER

WHEREAS, this action was originally filed in the Court of Common Pleas of Summit County, Ohio (the "Ohio State Court") and then removed to the United States District Court for the Northern District of Ohio, Eastern Division (the "Ohio District Court")[1] on the basis that the action was "related to" the bankruptcy pending in the United States Bankruptcy Court for the District of Delaware, *In re JOANN Inc, et al.*, No. 25-10068 (CTG) (Bankr. D. Del.) (the "Delaware Bankruptcy Court");

WHEREAS, by Order dated September 11, 2025 (D.I. 25) (the "Transfer Order"), this matter was transferred by the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1412;[2]

---

[1] *See Advantus, Corp. v. Prendergast*, Case No. 5:25-cv-01250-JRA (N.D. Ohio).
[2] Pursuant to the Transfer Order, the Ohio District Court also denied Plaintiffs' first request to remand to the Ohio State Court (the "First Motion to Remand"). *See* Transfer Order at 4. Plaintiffs sought to remand the action to Ohio State Court based on their argument that the Ohio District Court lacked subject matter jurisdiction over the removed action. Pursuant to Section 1452(a), "[a] party may remove any claim or cause of action …to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334(b) further provides "… the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Employing "the Sixth Circuit's … very liberal approach to section 1334," which "treats a civil suit as 'related to' a

WHEREAS, on September 26, 2025, plaintiffs Advantus, Corp., Fairfield Processing Corp., Gwen Studios, LLC, Low Tech Toy Club LLC, Ormo Ithalat Ihracat A.S., and Springs Creative Products Group, LLC (the "Plaintiffs") filed a renewed motion to remand the action pursuant to 28 U.S.C. § 1452(b) to the Ohio State Court (D.I. 29) (the "Renewed Motion to Remand");

WHEREAS, the Renewed Motion to Remand is opposed by all defendants, including Michael Prendergast, Jeffrey Dwyer, Heather Holody, Michael Kennedy, and Melissa Bowers (D.I. 35) and defendant Robert Will (D.I. 40)[3] (together, the "Defendants");

WHEREAS, Defendants have filed a motion to stay this action (D.I. 34) (the "Motion to Stay") pending the outcome of an adversary proceeding[4] currently pending in the Delaware Bankruptcy Court, in which all Plaintiffs are named as defendants, and which concerns the threshold question of whether Plaintiffs' causes of action are estate claims that were sold pursuant to a Sale Order entered in the Chapter 11 cases; and

WHEREAS, Plaintiffs oppose the Motion to Stay (D.I. 39).

Upon consideration of the foregoing, and for the reasons set forth in the Transfer Order, the Court finds that the transfer to this venue was appropriate, remand is not required on

---

bankruptcy proceeding if the outcome of the plaintiff's claims could conceivably have any effect on the Debtor's estate," and based on "the relationship of the parties and the details of this action and the bankruptcy proceeding," the Ohio District Court found "it is conceivable to this Court that the outcome of the underlying state causes of action could influence JOANN's estate to the extent it may alter its rights or liabilities, or those of its creditors." Transfer Order at 2-3 (noting that "based on filings in the recent bankruptcy case and contrary to Plaintiffs' assertion, it seems that Defendants *may* be indemnified by JOANN, as they appear to be referred to as 'Insured Parties' by JOANN for the purposes of this suit.") Finding that it had "related to" jurisdiction over the matter, the Ohio District Court denied the First Motion to Remand.

[3] Defendant Robert Will filed a joinder to (i) Defendants' objection to the Renewed Motion to Remand, and (ii) Defendants' Motion to Stay. (D.I. 40). The joinder is docketed as a Motion for Joinder, which the Court will grant.

[4] *JOANN Inc., et al. v. Advantus, Corp., et al.*, Adv. Proc. No. 25-51022-CTG (Bankr. D. Del.)

jurisdictional grounds or warranted on equitable grounds, and the Bankruptcy Court is in the best position to determine whether to stay this action pending resolution of the adversary proceeding.

WHEREFORE, IT IS HEREBY ORDERED that:

1. The Motion for Joinder (D.I. 40) is GRANTED.

2. The Renewed Motion to Remand (D.I. 29) is DENIED.

3. Pursuant to the Court's Amended Standing Order of Reference, dated February 29, 2012, this action is referred to the Delaware Bankruptcy Court in connection with the Chapter 11 case captioned *In re JOANN INC., et al.*, No. 25-10068 (CTG) (Bankr. D. Del.), and the reference shall include Defendants' pending Motion to Stay (D.I. 34).

4. The Clerk is directed to CLOSE Civil Action No. 25-1132-GBW.

December 11, 2025  
Wilmington, Delaware

HONORABLE GREGORY B. WILLIAMS  
UNITED STATES DISTRICT JUDGE

3